IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Ryan Cogdill, #305298, | ) | C.A. No. 8:08-1037-TLW-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Inv. David Hurt, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff brought this *pro se* civil action against the Defendants under 42 U.S.C. § 1983. Plaintiff is incarcerated at Lieber Correctional Institution. Plaintiff's claims center around his alleged mistreatment relating to a prison disciplinary proceeding.

On April 22, 2008, United States Magistrate Judge Bruce Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), filed a Report and Recommendation ("the first Report"). In the first Report, Magistrate Judge Hendricks recommends that the South Carolina Department of Corrections be dismissed without prejudice and without issuance and service or process. On May 7, 2008, Plaintiff filed objections to the first Report.

On July 28, 2008, the Defendants other than the South Carolina Department of Corrections moved for summary judgment. On December 17, 2008, United States Magistrate Judge Bruce Hendricks filed a Report and Recommendation ("the second Report"). In the second Report, Magistrate Judge Hendricks recommends that the motion for summary judgment be granted and that this claim be dismissed. On January 7, 2008, Plaintiff filed objections to the second Report.

1

This Court is charged with reviewing the Magistrate's reports and the Plaintiff's objections thereto. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, <u>de novo</u>, both reports and the objections to both reports. The Court concludes that the reports accurately summarize this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's first Report (Doc. # 10) and second Report (Doc. # 29) are **ACCEPTED**; Petitioner's objections are **OVERRULED** (Doc. # 18 and # 31); and Petitioner's complaint is dismissed.

**IT IS SO ORDERED.**

    S/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

March 4, 2009
Florence, South Carolina

2